1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROY A. COST,

11            Petitioner,              No. CIV S-12-0368 DAD P

12      vs.

13   RANDY GROUNDS, Warden,

14            Respondent.              <u>ORDER</u>

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.

19            Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  <u>See</u> 28 U.S.C. § 1915(a).

22                        **PRELIMINARY SCREENING**

23            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

24   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

25   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

26   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On October 21, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Northern District of California. On February 8, 2012, the Northern District transferred the action to this court, where venue is proper.

In his petition, petitioner alleges as follows. On September 8, 2008, a Siskiyou County Superior Court jury found petitioner guilty of the charged offenses. The trial court sentenced petitioner to eleven years and eight months in state prison. In his habeas petition pending before this court, petitioner asserts the following claims: (1) & (2) special agents from the Federal Bureau of Investigation accompanied by Siskiyou County Narcotics Task Force agents conducted an illegal search and seizure at his residence and falsely testified during his criminal proceedings that he consented to the search and seizure in violation of his rights under the Fourth Amendment; and (3) petitioner's attorney provided him with ineffective assistance of counsel in violation of the Sixth Amendment because he did not file a direct appeal from the judgment of conviction on petitioner's behalf. (Pet. at 6 & Attach.)

## DISCUSSION

After reviewing the petition in this case, the court finds that it suffers from two fatal defects and must be dismissed.[1] First, petitioner's Fourth Amendment claims are precluded by the decision in <u>Stone v. Powell</u>, 428 U.S. 465, 498 (1976). In <u>Stone</u>, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation

---

[1]   Petitioner previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (<u>See</u> Doc. No. 6.)

of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Here, petitioner has not alleged or shown that the state court failed to provide him with a full and fair opportunity to litigate his Fourth Amendment claim. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) ("[t]he inquiry [under Stone] is whether petitioner had an opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."). Thus, petitioner has failed to state a cognizable claim for purposes of federal habeas review with respect to his Fourth Amendment claims.

In addition, petitioner's Sixth Amendment ineffective assistance of counsel claim is unexhausted. Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion may only be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Here, petitioner acknowledges on his form habeas petition filed in this court that he has not previously presented his Sixth Amendment ineffective assistance claim to any court because he only recently became aware of the factual predicate for that claim. (Pet. at 6.) Thus, petitioner's Sixth Amendment ineffective assistance of counsel claim is unexhausted and must be dismissed without prejudice.

## OTHER MATTERS

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford,

290 F.3d 1006, 1010 (9th Cir. 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).  For the reasons set forth above, the court declines to issue a certificate of appealability in this action.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

2.  Petitioner's application for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice for failure to state a cognizable claim and for failure to exhaust state court remedies;

3.  A certificate of appealability is not issued in this action; and

4.  This action is closed.

DATED: March 28, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cost0368.156

4